UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISEAL CORDERO,<br><br>                     Plaintiff,<br><br>    v.<br><br>IHUOMA NWACHUKWU, et al.,<br><br>                     Defendants. | Civil Action No. 23-373 (JXN)(JBC)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

    Before the Court is *pro se* Plaintiff Miseal Cordero's ("Plaintiff") civil rights complaint ("Complaint"), brought pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-1). Based on his affidavit of indigence (ECF No. 1-1), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

    The Court must now review Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

    The Court has screened the Complaint in this action for dismissal and has determined that the Complaint states claims of Eighth Amendment denial of medical care under 42 U.S.C. § 1983 and medical malpractice under New Jersey Torts Claims Act ("NJTCA"), N.J.S.A. § 59:1-1 *et seq.*, against Defendants Ihuomo Nwachukwu, Abu Ahasn, and Alejandrina Sumicad (collectively "Defendants"). Plaintiff's denial of medical care and medical malpractice claims arise from the Defendants alleged intentional refusal to provide adequate medical care for his heart related

symptoms, which ultimately led Plaintiff experiencing two heart attacks and requiring surgery. (*See generally* ECF No. 1.) Dismissal of Plaintiff's §1983 claim and state law medical malpractice claim against Defendants is not warranted at this time and the claims shall proceed.

**IT IS** on this 26th day of April 2023,

**ORDERED** Plaintiff's IFP application (ECF No. 1-1) is **GRANTED**; it is further

**ORDERED** that the Complaint shall be filed; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of East Jersey State Prison; it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; it is further

2

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; it is further

**ORDERED** that Plaintiff's complaint against Defendants shall **PROCEED** in its entirety; it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); it is further

**ORDERED** that Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshall shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of services advanced by the United States; it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; it is further

**ORDERED** that Defendants shall file a response to Plaintiff's motion for leave to file a late notice of tort claim (ECF No. 4) within thirty days of being served with the complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order and the accompanying Opinion via regular mail.

                                                                                                             _____
                                                                                                             **JULIEN XAVIER NEALS**
                                                                                                             **United States District Judge**